Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| FIRSTBANK PUERTO RICO<br><br>Apelante<br><br>V.<br><br>DELORES ELIZABETH MACKSOUD LÓPEZ T/C/C DELORES MACKSOUD LÓPEZ T/C/C DELORES E. MACKSOUD<br><br>Apelada | KLAN202200556 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: RG2021CV00159 (307)<br><br>Sobre: COBRO DE DINERO ORDINARIO Y OTROS |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

El apelante, Firstbank, solicita que revoquemos la decisión del Tribunal de Primera Instancia de desestimar la demanda de cobro de dinero y ejecución de hipoteca.

La apelada, Delores Elizabeth Macksoud López, presentó su oposición al recurso.

**I.**

Los hechos procesales pertinentes para atender y resolver este recurso son los siguientes.

El 20 de abril de 2021, el apelante presentó una demanda de cobro de dinero y ejecución de hipoteca contra la apelada. El banco alegó que la apelada era dueña de un apartamento en el Condominio Costa Dorada II y que dejó de cumplir con el pago de la obligación hipotecaria.

La apelada presentó una reconvención, en la que alegó que el apelante no era tenedor de buena fe. La señora Macksoud López adujo que el banco otorgó el préstamo a pesar de que conocía o

Número Identificador

SEN2023 _____

debió conocer las ilegalidades cometidas por el desarrollador en la Escritura Matriz y en la Escritura Número 72 sobre derecho de paso. Según la apelada, el desarrollador segregó once solares y los identificó con los usos futuros. La apelada alegó que el desarrollador originalmente identificó el lote F como una calle pública. Sin embargo, posteriormente otorgó otra escritura en la que transformó ese predio en una servidumbre de paso, sin autorización de la OGPe.

La señora Macksoud alegó que la escritura en la que se constituyó el régimen de propiedad horizontal es nula porque incluyó la existencia de elementos comunes en terrenos que no pertenecen a ese régimen y que son ajenos al condominio. Según la apelada, el lote reservado para facilidades vecinales se identificó en la escritura con la letra E. La apelada adujo que la nulidad de la escritura constitutiva del régimen de propiedad horizontal y de la escritura de servidumbre de derecho de paso, ocasionó la nulidad de las escrituras de compraventa e hipoteca y del pagaré hipotecario.

Firstbank solicitó la desestimación de la reconvención porque sus alegaciones eran ajenas a la demanda. El apelante argumentó que las alegaciones de la reconvención eran contra el desarrollador y los Registradores de la Propiedad y estaban relacionadas a las calles y servidumbres. Además, adujo la falta de parte indispensable porque la apelada no incluyó en la reconvención a los notarios que otorgaron las escrituras cuya nulidad alega

La apelada presentó una MOCIÓN DE DESESTIMACIÓN AL AMPARO DE LA REGLA 10.2 Y SOLICITUD SE DEJE SIN EFECTO VISTA DE MEDIACIÓN PAUTADA EL 21 DE ENERO DE 2022. La señora Macksoud adujo que es parte demandante en el caso Horacio Augusto Montes Gilormini vs. Costa Real SE,

N3CI201200773, presentado por los dueños de apartamentos en el Tribunal de Primera Instancia de Fajardo contra el desarrollador y los bancos que emitieron los préstamos.  No obstante, argumentó que su pleito y todos los relacionados al Condominio Costa Dorada fueron removidos al Tribunal Federal.

La señora Macksoud alegó que la controversia de este pleito es la misma que está ante la consideración del Tribunal Federal. La apelada adujo que en ambos foros se solicita la nulidad de las escrituras matriz, de derecho de paso, compraventa e hipoteca y que el apelante también es parte del pleito en el Tribunal Federal. Dicha parte solicitó la desestimación de la demanda porque la controversia está *sub judice* en el Tribunal Federal y ese foro ordenó la elevación de todos los casos.

Firstbank se opuso a la desestimación de la demanda porque no se cumplen los elementos establecidos en inciso 5 de la Regla 10.2, 32 LPRA Ap V.  El banco adujo que tiene una causa de acción contra la apelada porque evidenció la existencia de la escritura de hipoteca y el pagaré otorgados a su favor.

Según el apelante, el pleito en el foro federal no afecta la demanda porque la anulación de los títulos registrales de unas calles no tiene ninguna repercusión sobre la reclamación por cobro de dinero y ejecución de hipoteca.  El banco argumentó que, de todos modos, tiene una reclamación personal de cobro de dinero independiente a la hipoteca.  No obstante, adujo que presentó una Certificación Registral que evidencia la inscripción de su derecho hipotecario.  Por último, sostuvo que cumplió con su obligación de entregarle el dinero a la apelada.  Sin embargo, la señora Macksoud se niega a pagar porque entiende que la falta de inscripción registral hace inexistente el contrato de préstamo.

El TPI desestimó la demanda, la solicitud de sentencia sumaria y la reconvención en su totalidad porque todas las

controversias están ante el Tribunal Federal y participan todas las partes indispensables. El foro apelado declinó adjudicar el caso para evitar sentencias irreconciliables. Además, declaró sin lugar la demanda en cobro de dinero y la reconvención sin imposición de costas y honorarios.

No obstante, de forma contradictoria a la desestimación, el TPI determinó los hechos siguientes. CDJR es una parte indispensable porque otorgó las escrituras que incidieron en los derechos reales de los condóminos. El desarrollador actuó ilegalmente porque cambió el uso de una vía pública a una servidumbre contrario a lo que establece la ley. El fraude a tercero se probó porque Madero y los demás ejecutivos conocían que las parcelas de Costa Dorada y Costa Dorada II eran elementos comunes generales propiedad de los condóminos y no podían venderse. La hipoteca es nula porque nació de un acto ilegal. La deuda nunca existió y carece de objeto, causa y consentimiento porque se contrajo para adquirir un bien fuera del comercio. La apelada prestó su consentimiento erróneamente debido a las representaciones falsas que le hicieron el acreedor y el desarrollador. El apelante debió percatarse de todas las escrituras sometidas porque es un banco con amplia experiencia en materia hipotecaria y registral. Al momento de aprobarse el préstamo hipotecario, el apelante conocía las irregularidades en los documentos presentados. Las irregularidades existentes eran patentes para un banco con experiencia en el negocio de préstamos hipotecarios. Es incompresible que el Registrador de la Propiedad no se percatara de la venta de elementos comunes sin el consentimiento de los condóminos. CDJR, sus abogados notarios, Costa Real y Arturo Madera conocían que el condominio estaba sujeto al régimen de propiedad horizontal.

El foro apelado también determinó los hechos a continuación. La apelada evidenció que las parcelas donde ubican los condominios Costa Dorada y Costa Dorada II se vendieron en tres ocasiones distintas, a pesar de que la sentencia por estipulación dictada el 10 de diciembre de 2009 prohibió la venta. La primera venta se realizó conforme a derecho. No obstante, la venta judicial y la tercera venta son contrarias a derecho. CDJR presentó las escrituras de compraventa judicial y constitución de servidumbre de paso y cesión, transcurridos más de diez años de inscritas las escrituras de los dueños de apartamentos. La apelada fue engañada. Los contratos de compraventa e hipoteca son nulos. BBVA conocía la falsedad de la escritura de compraventa otorgada el mismo día del préstamo hipotecario porque son irreconciliables. Firstbank asumió el riesgo que debió asegurar en un *title insurance* porque el régimen de propiedad horizontal no estaba constituido al momento del cierre.

El 20 de mayo de 2022, el TPI dictó la sentencia apelada, en la que desestimó el pleito en su totalidad, incluyendo la sentencia sumaria presentada por el apelante. Además, declaró sin lugar la demanda en cobro de dinero al igual que la reconvención sin costas ni honorarios.

El apelante presentó una moción de reconsideración que fue denegada por el TPI.

Inconforme con la decisión, el apelante presentó este recurso, en el que alegó que:

> ERRÓ EL TPI AL APLICAR EL DERECHO A LOS HECHOS Y AL DESESTIMAR LA RECLAMACIÓN DE FIRSTBANK PUERTO RICO POR SER CONTRARIA A LA REGLA 36 DE PROCEDIMIENTO CIVIL.
>
> ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN DE HECHOS DOCUMENTADOS CON EVIDENCIA EN EL RÉCORD QUE NO FUE CONTRADICHA POR LA PARTE DEMANDADA.

ERRÓ AL HACER DETERMINACIONES SOBRE LA VALIDEZ O INVALIDEZ DE NEGOCIOS JURÍDICOS CONTENIDOS EN ESCRITURA SIN LA PRESENCIA DE LOS NOTARIOS O DE PARTES INDISPENSABLES PARA REALIZAR ESAS DETERMINACIONES CUESTIONANDO LA VALIDEZ DE LAS ACTUACIONES DEL REGISTRADOR DE LA PROPIEDAD SIN PRUEBA MÁS ALLÁ QUE MERAS ALEGACIONES DE LA PARTE DEMANDADA APELADA.

**II.**

**La moción de desestimación al amparo de la Regla 10.2 (5), 32 LPRA Ap. V.**

El demandado puede solicitar al tribunal que desestime la demanda antes de contestarla. No obstante, para que proceda, es necesario que, de las alegaciones de la demanda, pueda concluirse que es evidente que alguna de las defensas afirmativas va a prosperar. La solicitud de desestimación debe hacerse mediante una moción y basarse en uno de los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento, 4) insuficiencia del diligenciamiento del emplazamiento, **5) dejar de exponer una reclamación que justifique la concesión de un remedio**; 6) dejar de acumular una parte indispensable. *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1065,1066 (2020).

Cuando la moción de desestimación expone materias no contenidas en la alegación impugnada y el tribunal no las excluye, tiene que considerar dicha moción como una solicitud de sentencia sumaria. Por esa razón, la moción de desestimación estará sujeta a los trámites de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V.

Los tribunales que evalúan una moción de desestimación tienen que tomar como ciertos todos los hechos bien alegados en la demanda, que han sido aseverados de manera clara y concluyente y que de su faz no den margen a dudas. Además, tienen que considerar los hechos bien alegados, de la forma más favorable a la

demandante. *Colón Rivera et al v. ELA,* 189 DPR 1033, 1049 (2013). La procedencia de la desestimación está atada a que se demuestre certeramente que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que se pudiera probar en apoyo a su reclamación. *Rivera Sanfeliz et al v Jta Dir FirstBank,* 193 DPR 38, 49 (2015); *Ortiz Matías et al v. Mora Development,* 187 DPR 649, 654 (2013).

El Dr. Cuevas Segarra nos resume los parámetros que rigen la desestimación de la demanda cuando no expone una reclamación que justifique la concesión de un remedio. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed, SJ, Publicaciones JTS 2011 T II, págs. 527 542. Estos parámetros son los siguientes:

1. El tribunal que evalúa la moción de desestimación debe aceptar como ciertas las alegaciones de la demanda y considerarlas lo más favorable para el demandante. El promovente tiene que demostrar que presumiendo que lo expuesto en la demanda es cierto, sus alegaciones son insuficientes para exponer una reclamación que justifique la concesión de un remedio. Cuevas Segarra, *op cit,* págs. 528, 530.

2. El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, a pesar de interpretar la demanda de la forma más favorable. Cuevas Segarra, *op cit,* págs. 528, 529.

3. La doctrina aplica solamente a hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Cuevas Segarra, *op cit,* pág. 529. No aplica a alegaciones redactadas de forma tal que su contenido resulte hipotético y que imposibiliten al juzgador detectar sin margen de error, cuál hecho está definitiva y concretamente alegado. No se aceptan alegaciones conclusivas. Cuevas Segarra, *op cit,* pág. 533

4. El tribunal tiene que resolver toda duda a favor del demandante. Cuevas Segarra, *op cit,* pág. 529.

5. La controversia al evaluar una moción de desestimación no es si el demandante prevalecerá

finalmente, es si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos bien alegados en la demanda. Cuevas Segarra, *op cit,* pág. 530.

6. La privación a un litigante de su día en corte es una medida procedente en casos extremos. Cuevas Segarra, *op cit,* pág. 532.

**Sentencia Sumaria**

La sentencia sumaria propicia la solución justa, rápida y económica de las controversias en las que es innecesario celebrar de un juicio plenario y únicamente resta aplicar el derecho. *González Santiago v. Baxter Healthcare of PR,* 202 DPR 281, 290, 291 (2019).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, establece que la sentencia sumaria procede cuando las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia acreditan que no existe una controversia real y sustancial respecto a algún hecho esencial y material. *González Santiago v. Baxter Healthcare of PR,* supra, pág. 291.

El tribunal podrá dictar sentencia sumaria a favor del promovente, sin necesidad de celebrar un juicio, si no existe controversia de los hechos materiales que motivaron el pleito y únicamente resta aplicar el derecho a los no controvertidos. La sentencia sumaria únicamente procede cuando el derecho aplicable lo justifica. La Regla 36.3 de Procedimiento Civil, supra, dispone los requisitos con los que debe cumplir una moción de sentencia sumaria. *Oriental Bank v. Perapi et al,* 192 DPR 7, 25 (2014).

La parte que se opone a la sentencia sumaria debe demostrar que existe controversia en cuanto a algún hecho material. Se considera un hecho material aquel que pueda afectar el resultado de la reclamación de acuerdo con el derecho

sustantivo aplicable. La controversia sobre hechos materiales tiene que ser real. Cualquier duda no es suficiente para derrotar la procedencia de una moción de sentencia sumaria. La duda existente tiene que permitir concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. Aunque toda inferencia de hechos incontrovertidos debe hacerse a favor del oponente, dicha parte no puede meramente cruzarse de brazos y descansar en sus alegaciones. Los tribunales podemos concluir que existe una controversia real y sustancial en cuanto a un hecho material, cuando el oponente presenta prueba que podría inducir a un juzgador racional a resolver a su favor. *Oriental Bank v. Perapi et al,* supra*,* pág. 26.

La sentencia sumaria, tampoco procede, cuando existen hechos materiales y esenciales controvertidos. Igualmente, no procede si existen alegaciones afirmativas en la demanda que no han sido refutadas y de los documentos que acompañan la moción de sentencia sumaria surge controversia sobre algún hecho material y esencial, o cuando como cuestión de derecho no procede el remedio sumario. *Oriental Bank v. Perapi et al,* supra, págs. 26, 27.

El tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Al revisar la determinación del Tribunal de Primera Instancia, únicamente podrá considerar los documentos que se presentaron ante ese foro. Las partes no podrán traer en apelación evidencia que no fue presentada oportunamente ante el Tribunal de Primera Instancia, ni esbozar teorías nuevas o esgrimir asuntos nuevos. El tribunal apelativo únicamente puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales y si el derecho se aplicó correctamente. Sin embargo, no puede adjudicar hechos materiales en disputa porque

esa tarea es del foro de primera instancia. *Meléndez González* v *M. Cuevas,* 193 DPR 100, 114, 116 (2015).

**III.**

El apelante alega en el primer señalamiento de error que el TPI se equivocó al desestimar la demanda y al no dictar sentencia sumaria a su favor. El segundo señalamiento de error cuestiona la decisión del TPI de no reconsiderar la sentencia. Por último, aduce que el TPI erró al incluir determinaciones hechos.

Firsbank cuestiona que el foro primario desestimó la demanda porque la controversia se encuentra ante la consideración del Tribunal Federal. No obstante, no ha provisto evidencia del expediente del caso federal que demuestre que la controversia presentada no está ante la consideración de ese foro y que establezca que el TPI erró en su apreciación de la prueba.

El TPI desestimó correctamente la demanda. La evidencia documental presentada y no controvertida por el apelante convenció a ese foro de que la controversia planteada está ante la consideración del Tribunal Federal. El apelante no demostró que el TPI tuvo evidencia ante su consideración que demuestra lo contrario. Por consiguiente, es imposible que pudiera dictar sentencia sumaria a favor del banco.

La reclamación por cobro de dinero y ejecución de hipoteca está inexorablemente atada a la determinación que haga el Tribunal Federal sobre las imputaciones de fraude contra el desarrollador y **los bancos que otorgaron las hipotecas,** la validez legal del régimen de propiedad horizontal y de la escritura matriz, de derecho de paso, compraventa e hipoteca. El derecho del apelante a cobrar la deuda depende de la determinación del Tribunal Federal sobre las imputaciones de fraude en su contra.

La apelada es uno de los compradores y dueños de apartamentos que demandaron al desarrollador y a los bancos que

otorgaron los préstamos hipotecarios, por fraude. Los demandantes de ese pleito solicitaron la nulidad de la escritura matriz, la escritura de derecho de paso, la escritura de compraventa y la escritura de hipoteca. Los pleitos se presentaron en el foro local, pero fueron trasladados y consolidados en el Tribunal Federal y están ante su consideración. El apelante ha reconocido que es parte de los procedimientos en el Tribunal Federal. Este escenario nos obliga a honrar la determinación del foro apelado.

No obstante, el TPI cometió un error de derecho al adjudicar hechos y hacer conclusiones de derecho, a pesar de que desestimó el pleito en su totalidad. Tal determinación es contraria a la desestimación porque el propio TPI reconoció que todas las controversias están ante el Tribunal Federal y corresponde a ese foro resolverlas.

**IV.**

Se modifica la sentencia apelada con el único propósito de dejar sin efecto las determinaciones de hechos que hizo el TPI, por lo demás es confirmada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones